**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 27, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANGEL RODRIGUEZ-FELISOLA,

Defendant - Appellant.

No. 07-1217
(D.C. No. 07-CR-3-JLK)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.[**]

Defendant-Appellant Angel Rodriguez-Felisola appeals from the sentence

imposed following his guilty plea to one count of illegal reentry of a deported

alien previously convicted of an aggravated felony. See 8 U.S.C. §§ 1326(a)(1),

(2) & (b)(2). As part of the plea the government agreed to recommend the bottom

of the advisory United States Sentencing Guidelines ("U.S.S.G.") range. Indeed,

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Mr. Rodriguez-Felisola was sentenced at the bottom of that range, forty-six months' imprisonment, and three years' supervised release. On appeal, he argues that the district court abused its discretion in denying him a downward departure or variance because of government delay in prosecuting him, or alternatively that his sentence is unreasonably long. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

## Background

Mr. Rodriguez-Felisola, a citizen of Mexico, was convicted on October 27, 1994, of the sale/transportation/offer to sell a controlled substance in the Superior Court of Los Angeles County, California. He was sentenced to one hundred eighty days' imprisonment and thirty-six months' probation. The offense constituted an aggravated felony under the Immigration and Naturalization Act. See 8 U.S.C. § 1101(a)(43)(B).

On December 20, 1994, Mr. Rodriguez-Felisola was removed from the United States to Mexico. Sometime thereafter, he reentered the United States, and was convicted of felony menacing on July 16, 2003, in Adams County, Colorado, and placed on three years' probation. On August 16, 2005, he was arrested in Arapahoe County, Colorado, for various alleged offenses including possession of a controlled substance, resisting arrest, providing false identification and driving under the influence. The next day, Colorado authorities

2

notified the Bureau of Immigration and Customs Enforcement ("ICE") that Mr. Rodriguez-Felisola was in custody, and ICE placed a detainer on him, stating that ICE had initiated an investigation into whether he was subject to removal from the United States.

Meanwhile, Mr. Rodriguez-Felisola's probation on the felony menacing conviction was revoked and he was sentenced to two years' of state confinement with one hundred forty-seven days' credit. Thereafter, he pleaded guilty to possessing a controlled substance and was sentenced to eighteen months' of state confinement, concurrent with the felony menacing sentence. On December 2, 2005, ICE notified the Colorado Department of Corrections that Mr. Rodriguez-Felisola had been ordered removed from the United States.

Mr. Rodriguez-Felisola was released from state confinement on December 22, 2006, and taken into federal custody by ICE. ICE referred Mr. Rodriguez-Felisola to the United States Attorney's office for prosecution on January 3, 2007, and on January 8, 2007, he was indicted on one count of reentry of a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a)(1), (2) & (b)(2).

Mr. Rodriguez-Felisola pleaded guilty and a presentence investigation report ("PSR") was prepared. The PSR calculated a total offense level of 17 and a criminal history of V and recommended an applicable Guidelines range of forty-six to fifty-seven months' imprisonment. Mr. Rodriguez-Felisola did not object

3

to the PSR but moved for either a downward departure from the guidelines range pursuant to U.S.S.G. § 5G1.3, or a downward variance from that range, based on the factors set forth in 18 U.S.C. § 3553(a). Mr. Rodriguez-Felisola specifically asked the district court to depart downward to twenty-nine months, which would make his federal sentence effectively concurrent with his prior Colorado sentences that he had discharged. He argued that such a downward departure or variance was justified because the government delayed prosecuting him until after he completed his Colorado prison term, which deprived him of an opportunity for concurrent sentencing. A reduction to twenty-nine months, according to Mr. Rodriguez-Felisola, would remedy his lost opportunity and achieve a reasonable sentence.

The district court denied Mr. Rodriguez-Felisola's request, finding that neither a departure under § 5G1.3 nor a variance was appropriate, and sentenced Mr. Rodriguez-Felisola to forty-six months, the bottom of the applicable Guideline range. The district court found that there was no "orchestrated delay" in prosecuting Mr. Rodriguez-Felisola because ICE referred him to the United States Attorney seven days after he was placed in ICE's custody. The district court also noted that one of Mr. Rodriguez-Felisola's state sentences was related to a probation revocation and therefore, the sentence imposed in this case should be imposed to run consecutively to the sentence related to the probation revocation. Finally, the district court noted that Mr. Rodriguez-Felisola's

4

criminal history is comprised of three felony convictions, making the risk of recidivism high and the need for deterrence significant. Mr. Rodriguez-Felisola timely appealed his sentence.

## Discussion

As a threshold matter, the government argues we have no jurisdiction to review the sentence in this case because it involved a discretionary decision not to depart downward from a sentence within the applicable guidelines range. See United States v. Fortier, 180 F.3d 1217, 1231 (10th Cir. 1999). Even though we reject any argument that the district court was unaware of its power to depart, we still may evaluate Mr. Rodriguez-Felisola's challenge of his sentence as unreasonable. See United States v. Chavez-Diaz, 444 F.3d 1223, 1229 (10th Cir. 2006) (holding that "while we do not have jurisdiction to review the district court's discretionary decision to deny a downward departure, we have jurisdiction post-Booker to review the sentence imposed for reasonableness"); see also United States v. Fonseca, 473 F.3d 1109, 1112 n.3 (10th Cir. 2007).

Our review of the reasonableness of Mr. Rodriguez-Felisola's sentence proceeds as follows. First, if challenged, we review the accuracy of the district court's guideline sentence determination, reviewing legal conclusions de novo and factual findings for clear error. See United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006). Next, if the district court correctly calculated the

5

guideline sentence, we review the sentence for reasonableness.  See id.  We apply

a rebuttable presumption of reasonableness for sentences imposed within the

advisory guideline range.  See Rita v. United States, 127 S. Ct. 2456, 2462-63

(2007).  The defendant may rebut this presumption by showing that the sentence

is unreasonable in light of the sentencing factors set forth in 18 U.S.C § 3553(a).

See Kristl, 437 F.3d at 1055.

Mr. Rodriguez-Felisola did not object below to the PSR and on appeal

concedes that the district court's calculation of his guidelines sentence was

accurate.[1]  Accordingly, we are left only to review his sentence for

reasonableness.

Our reasonableness review is guided by the factors set forth in 18 U.S.C. §

3553(a).  See Kristl, 437 F.3d at 1053.  These factors "include the nature of the

offense and characteristics of the defendant, as well as the need for the sentence

to reflect the seriousness of the crime, to provide adequate deterrence, to protect

the public, and to provide the defendant with needed training or treatment."  Id.

In reviewing the reasonableness of Mr. Rodriguez-Felisola's sentence, we must

also consider Mr. Rodriguez-Felisola's grounds for a departure or variance, which

---

[1] We note further that even though a direct challenge to the district court's discretionary decision not to depart downward is viewed as a challenge to the accuracy of the district court's guideline sentence determination, see Chavez-Diaz, 444 F.3d at 1229, that decision, as already discussed, is unreviewable.  See id.

we have done.[2]  See Chavez-Diaz, 444 F.3d at 1229.  We have reviewed the

record and Mr. Rodriguez-Felisola's grounds and conclude that his sentence is

reasonable.

AFFIRMED.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

---

[2]  Mr. Rodriguez-Felisola does not suggest that the government acted in bad faith in delaying his prosecution, just that the delay was unreasonably long.  See United States v. Los Santos, 283 F.3d 422, 428 (2d Cir. 2002) (explaining that for a district court to depart downward due to prosecutorial delay, the delay must have either been in bad faith or been longer than a reasonable amount of time needed for a diligent government investigation).